## Kolber Estate

Before Klein, P. J., Bolger, Hunter, Lefever, Saylor and Shoyer, JJ.

*A. Allen Simon,* for petitioners.

*Robinson, Greenberg & Lipman,* for respondent.

LEFEVER, J., March 2, 1956.—Decedent died, leaving a will, wherein he named "my Friend, ALBERT H. LIEBERMAN . . . , my secretary, ANNA RASCH, and CENTRAL-PENN NATIONAL BANK as Executors and Trustees . . ." He bequeathed unto "ANNA RASCH, my secretary and housekeeper, all of the furnishings in my Philadelphia residence, and all of my clothing and jewelry, together with any insurance policies thereon" and the sum of $20,000. He left various other bequests and annuities and the residue of his $600,000 estate in trust for the Community Chest of Philadelphia and Vicinity, the Federation of Jewish Charities, and the Jewish Family Service of Philadelphia.

The will was probated and letters testamentary were granted unto Albert H. Lieberman, Anna Rasch, and Central-Penn National Bank. Five weeks later, Anna Rasch, through her counsel, notified the other two executors that she was the widow of decedent by virtue of a common-law marriage contracted seven weeks prior to decedent's death, and that she elected "to treat the will modified by virtue of the circumstances of her marriage to Mr. Kolber after the date of the will's execution, and in accordance with Section 7(3) of the Wills Act of 1947."

The co-executors have filed a petition with this court, in which the annuitants and charities joined, requesting the removal of Anna Rasch as co-executrix. The petition recites the facts set forth above, and then continues: "The petitioners are of the firm opinion and conviction and allege it to be a fact, on the basis of information in their possession, that the asserted

claim of marriage is false and fraudulent." The petition also avers that: ". . . it has become difficult for the petitioners to jointly serve with Anna Rasch in the administration of the affairs of the estate. This claim creates a conflict of interest which is not conducive to the proper and orderly administration of the estate." No other facts or grounds are alleged for the removal of the co-executrix.

Respondent filed preliminary objections, asserting that the petition failed to make out a case.

It is well settled that a petition containing the bare allegations of fraud is not self-sustaining. "Merely alleging fraud as a legal conclusion adds nothing if it is not based upon facts clearly and explicitly set forth as constituting such fraud . . .": Hornsby et al. v. Lohmeyer et al., 364 Pa. 271, 276. This is to enable the respondent to answer the charges of fraud so that an orderly hearing thereon may be had. The petition fails to meet this requirement.

We have little sympathy for common-law marriages. They are productive of fraud, collusion and perjury. They by-pass the safeguards of ceremonial marriage, preceded by the application for, and issuance of, a marriage license. However, this Commonwealth has long recognized the validity of common-law marriages: Blecher Estate, 381 Pa. 138. It is not for this court to change this well-established law. If co-executors, by the bare allegation of fraud directed at an alleged common-law wife, who is a co-executrix, can thereby remove her as executrix, an in terrorem weapon will be placed in the hands of every co-executor which will make it impossible for a bona fide common-law wife to assert her rights as widow in her husband's estate, and at the same time remain as co-executrix. This is not the intention of the law. Therefore, even though respondent's claim may be as spurious as petitioners contend, their assertions of fraud must be

founded upon more specific and detailed allegations of fact.

Counsel for petitioners stated at the argument that such facts were present in this case. This court is of the opinion that petitioners should be afforded an opportunity to set forth such allegations in detail.

Accordingly, the preliminary objections are sustained, with leave to petitioners to file an amended petition within 30 days hereof, which petition shall set forth in detail the allegations of facts upon which the charge of fraud is based.